**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **KENICHI NINOMIYA,**<br><br>                **Plaintiff,**<br><br>        **v.**<br><br>**CHARLES D. RIVIEZZO AND<br>BRANE-STROM, LLC,**<br><br>                **Defendants.** | **Civil Action No. 1:25-cv-01692-MSN-LRV** |

## <u>CONSOLIDATED REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Defendants Charles D. Riviezzo ("Mr. Riviezzo") and Brane-Strom, LLC ("Brane-Strom") (collectively, "Defendants"), by and through their undersigned counsel, submit this Consolidated Reply in Support of their respective Motions to Dismiss (ECF Nos. 23, 28) as to the First Amended Complaint ("FAC") (ECF No. 20) filed by Plaintiff *pro se* Kenichi Ninomiya ("Plaintiff" or "Mr. Ninomiya") in its entirety and with prejudice.

### I.    INTRODUCTION

Even after having exercised his right to amend his pleading, Mr. Ninomiya's FAC is subject to dismissal under Federal Rules 12(b)(5) (with respect to Mr. Riviezzo) and 12(b)(6) (with respect to both Defendants). Nothing in Plaintiff's Opposition persuasively offers a contrary conclusion.

Contrary to Mr. Ninomiya's contention that he fulfilled his duty in serving Mr. Riviezzo by requesting the U.S. Marshal to serve the Complaint,  Mr. Riviezzo ***still*** has never been properly served in this matter. Even if this Court were to find good cause to extend the time to serve Mr.

Riviezzo, such extension would be futile because the FAC fails to state a claim upon which relief can be granted.

Substantively, the additional factual detail and supporting documentation that Plaintiff improperly attempts to offer in his Consolidated Memorandum in Opposition to Defendants' Motions to Dismiss (the "Opposition") (ECF No. 33), which was absent from his FAC, does nothing to cure his pleading deficiencies. Rather, Plaintiff's Opposition merely confirms that the Trafficking Victims Protection Reauthorization Act ("TVPRA") does not properly afford Mr. Ninomiya relief.

Simply put, this case has nothing to do with slavery, trafficking, or forced labor. Indeed, Mr. Ninomiya acknowledges in his Opposition that he was an IT professional who was paid for services that he rendered to Brane-Strom over the course of approximately ten weeks. This, by definition, is not slavery, trafficking, or forced labor.

Mr. Riviezzo and Brane-Strom respectfully request that the Court grant both Motions in their entirety.  This case should be dismissed with prejudice.

## II.    ARGUMENT

### A. Mr. Riviezzo Has Still Not Been Properly Served with Process, and Federal Rule of Civil Procedure 4's Deadline Has Lapsed.

Mr. Ninomiya contends that, as a litigant proceeding *in forma pauperis*, he fulfilled his obligations to serve Mr. Riviezzo simply by submitting the required USM-285 form and indicating his request for service. *See* Opp'n. at 6.[1] He has not. To date, Mr. Riviezzo still has not been

---

[1] All citations in this brief to "Opp'n at __" refer to Plaintiff's January 28, 2026 Opposition Brief (ECF No. 33). All citations in this brief to "Brane-Strom Mem. at __" refer to Brane-Strom's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 23). All citations in this brief to "Riviezzo Mem. at __" refer to Mr. Riviezzo's Memorandum of Law in Support of his Motion to Dismiss (ECF No. 29).

properly served with a Summons and Complaint in this matter in accordance with Federal Rule of Civil Procedure 4. As a result, the FAC should be dismissed with respect to Mr. Riviezzo.

Since the Court's issuance of the Summons to the U.S. Marshal Service more than three *months* ago, on October 27, 2025 (ECF No. 9), there have been no demonstrated efforts made by Mr. Ninomiya to serve Mr. Riviezzo in this matter.

Courts within the Fourth Circuit have found that irrespective of the method of service selected by a litigant (*in forma pauperis* or otherwise), defendants still must be served in accordance with the Federal Rules. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or its own motion after notice to the plaintiff – *must* dismiss the action without prejudice against the defendant…") (emphasis added).  For example, in *Murdock v. Williams*, the court did *not* accept the self-represented plaintiff's reason that his "In Forma Pauperis status…hinders him from issuing a summons on [the defendant]" or that he "was under the impression that the district court and/or the U.S. Marshal is responsible for the service of the complaint/summons" as good cause that could excuse the plaintiff's failure of service. Civil Action No. 3:19-cv-00039-MR, 2020 WL 3432715, at *1-2 (W.D.N.C. June 23, 2020). Furthermore, the plaintiff did not assert that he made any additional effort, after the U.S. Marshal's failed attempt to serve defendant, to obtain service on the defendant. *Id.*

Mr. Ninomiya's lackluster efforts at effectuating service of process on Mr. Riviezzo should, likewise, not be excused in this case.  To be sure, Mr. Riviezzo acknowledges that Mr. Ninomiya's time to serve Mr. Riviezzo was tolled for the 21 days between October 6, 2025 and October 27, 2025 while his Motion to Proceed *In Forma Pauperis* was pending. ECF Nos. 3, 9; *see also, e.g.*, *Robinson v. Clipse,* 602 F.3d 605, 608 (4th Cir. 2010). However, even accounting for this 21-day period, as of the date of this filing, it has been 99 days – *i.e.*, well more than the 90

3

days permitted under Federal Rule of Civil Procedure 4 – since Mr. Ninomiya has filed this lawsuit (*i.e.*, 120 days from October 6, 2025 through February 3, 2026, minus 21 days of tolling) without ever properly serving process on Mr. Riviezzo. Furthermore, Mr. Ninomiya's Opposition does not describe any additional effort, other than his initial request of service, to ensure that process was properly effectuated. *See generally* Opp'n.  And Mr. Ninomiya's "*pro se* status" does *not*, by itself, "constitute good cause."  *McCoy v. Abbasi*, No. 3:10CV875, 2012 WL 4933301, at *1 (E.D. Va. Oct. 16, 2012) (internal citation and quotation marks omitted).

As explained more fully in Mr. Riviezzo's opening brief, Mr. Ninomiya ostensibly attempted to serve Mr. Riviezzo by sending him a copy of the FAC and related filings with the Court on December 17, 2025 via priority mail to his home address in New York. But the Federal Rules and applicable case law make clear that this is insufficient service of process. *See* Riviezzo Mem. at 7-9. Rather than take diligent measures to address these deficiencies, Mr. Ninomiya has apparently done little more since then besides seeking to deflect responsibility for these deficiencies to the U.S. Marshals. *See* Opp'n at 6. Such insufficient service warrants dismissing Mr. Riviezzo from this matter. *See, e.g.*, *NLRB v. Baker*, 166 F.3d 333 (4th Cir. 1998); *see also* Riviezzo Mem. at 9 (collecting cases).

### B.  Mr. Ninomiya's After-the-Fact Attempt to Add New Facts and Documentation to His Opposition Cannot Cure the FAC's Deficiencies.

Rather than squarely addressing Defendants' arguments highlighting the deficiencies in his claims set forth in the FAC, Mr. Ninomiya devotes much of his Opposition to restating the same sparse factual allegations in his FAC and seeking to inject additional details that are conspicuously absent from the FAC. Opp'n at 6-10. Mr. Ninomiya additionally tries to buttress his position by improperly attaching five additional exhibits. Opp'n at 12-31. This is improper.

### 1. Mr. Ninomiya Improperly Relies on Facts Beyond Those Asserted in the FAC.

Mr. Ninomiya's Opposition is riddled with facts beyond those asserted in the FAC. More specifically, Mr. Ninomiya now alleges, among other things:

- In a recorded meeting on August 6, 2015, Brane-Strom Manager Connie Hall admitted "We all knew that you did work."

- Defendant Riviezzo explicitly directed the labor. On August 13, 2015, he texted Plaintiff: "In the meantime, please keep things running."

- On July 17, 2015, Plaintiff texted Riviezzo offering to (b) Stop my service immediately." Riviezzo rejected this choice. He texted back imposing a unilateral "Option C": to "keep doing what you're doing" and suggested Plaintiff take money from his spouse's salary.

- During the termination, Brane-Strom representative Larry Rose confirmed the collective punishment, stating the owner had said: "That's it, I'm done with both of 'em…Cut them loose." This proves the firing was a direct retaliation for Plaintiff stopping his labor.

Opp'n at 7-9. In essence, Mr. Ninomiya has sought to supplement his FAC by adding new allegations in connection with his Opposition. However, "it is axiomatic that the [operative] complaint may *not* be amended by the briefs in opposition to a motion to dismiss." *See, e.g.*, *Arnett v. Hodges Law Office, PLLC*, Civil Action No. 3:18cv370, 2019 WL 4195343 (E.D. Va. Sep. 4, 2019) (dismissing plaintiff's complaint after finding that both the complaint allegations, and the improper additional facts pleaded in plaintiff's opposition brief, failed to support her claim) (emphasis added); *see also Mylan Laboratories, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (similar). Thus, these factual allegations are improperly before this Court and should not be considered when ruling on the Motions to Dismiss.

Further, *even if* the Court could take each of Mr. Ninomiya's newly asserted facts into consideration (it cannot), Mr. Ninomiya's claims still fails for the reasons set forth in Mr. Riviezzo

5

and Brane-Strom's opening briefs and explained herein—namely, Mr. Ninomiya fails to plausibly state a claim under the TVPRA.

### 2. The Court Should Also Not Consider Mr. Ninomiya's Exhibits Attached to His Opposition.

Mr. Ninomiya also improperly relies on additional exhibits that were not attached to the underlying FAC. Courts have generally held that extrinsic evidence should not be considered when evaluating a Rule 12(b)(6) motion to dismiss. *American Chiropractic Ass'n. v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. 2004). Indeed, the court is limited to the facts asserted in the complaint and the exhibits attached thereto when evaluating such motions. *Davis v. Cole,* 999 F. Supp. 809, 813 (E.D. Va. 1998). Therefore, the Court should disregard the exhibits attached to Mr. Ninomiya's Opposition, and assess the sufficiency of his claims based solely on the allegations in the FAC.

### C. Mr. Ninomiya's TVPRA Claim Still Fails As a Matter of Law.

Mr. Ninomiya's FAC fails to plausibly state a claim under the TVPRA, and his arguments set forth in his Opposition do nothing to mend those deficiencies. First, Mr. Ninomiya contends that Mr. Riviezzo and Brane-Strom argue that he was merely a "volunteer." Opp'n at 6-7. Neither Mr. Riviezzo nor Brane-Strom take such a position. *See generally* Brane-Strom Mem.; Riviezzo Mem. Rather, the Defendants' position remains: Mr. Ninomiya *voluntarily ceased providing professional IT services, for which he received payment.* In fact, Mr. Ninomiya's own self-defeating arguments further buttress Defendants' position that he was not subjected to "forced labor" as contemplated by the TVPRA. As with his original Complaint, Mr. Ninomiya's Opposition confirms that he received payment for his services that he rendered to Brane-Strom for ten weeks. Opp'n at 7-9; *see also* Compl. (ECF No. 1) at p. 3 (recounting that Plaintiff provided IT services from approximately July-October 2015). Mr. Ninomiya's claim falls far short of the

standards of "forced labor" as set forth by the Fourth Circuit for the purposes of a TVPRA claim. *See also* Brane-Strom Mem. at 5-7 (collecting authorities); Riviezzo Mem. at 10-12 (similar).

As previously explained, the Fourth Circuit has determined that "forced labor" within the meaning of the TVPRA typically involves circumstances such as "squalid or otherwise intolerable living conditions, extreme isolation (from family and the outside world), threats of inflicting harm upon the victim or others (including threats of legal process such as arrest or deportation), and exploitation of the victim's lack of education and familiarity with the English language," all of which are "'used to prevent [vulnerable] victims from leaving and to keep them bound to their captors.'" *Muchira v. Al-Rawaf,* 850 F.3d 605, 617 (4th Cir. 2017) (quoting *United States v. Callahan,* 801 F.3d 606, 619 (6th Cir. 2015)); Brane-Strom Mem. at 6-7; Riviezzo Mem. at 11-12.

Second, relying on *United States v. Dann,* Mr. Ninomiya argues that the "threat" of losing his husband's income is sufficient "financial harm" for purposes of the TVPRA. Opp'n. at 8. Not so. *See* Brane-Strom Mem. at 7-8; Riviezzo Mem. at 12-13. Even nonphysical harm that is recognized by the TVPRA must still be "sufficiently serious to *compel* that person to *remain* in his condition of servitude when he otherwise would have left." *United States v. Dann*, 652 F.3d 1160, 1170 (9th Cir. 2011) (emphasis added). Here, Plaintiff's own allegations show that he proposed stopping work, he ultimately stopped working, and no force, restraint or even threat of financial harm prevented him from doing so. Thus, the allegations of Mr. Ninomiya's FAC do not come anywhere close to meeting the "serious harm" standard.

Third, Mr. Ninomiya's Opposition suggests that Mr. Riviezzo's status as a licensed attorney, without more, somehow demonstrates unlawful intent (scienter). Opp'n at 9. This argument, too, is incorrect. To state the obvious, one's background qualifications, by themselves,

say nothing about one's mental state when taking actions at a given point in time. In any event, the potential consequence identified here by Plaintiff – the termination of his husband's employment – does not constitute an unlawful threat under the TVPRA and does not in any way suggest "serious harm" as defined by the statute. *See also* Brane-Strom Mem. at 7-8; Riviezzo Mem. at 12-13.

Finally, Plaintiff attempts to argue that Brane-Strom is liable for "knowingly benefitting" from receiving his IT services without payment. Opp'n at 9. Not only does this contradict Plaintiff's earlier allegations that he invoiced and received payment for his services; it ignores the inapplicability of Section 1595 of the TVPRA to his claims. As explained in Defendants' respective opening briefs, Mr. Ninomiya has not pleaded facts sufficient to demonstrate any liability imputable to either named defendant pursuant to 18 U.S.C. § 1595. Brane-Strom Mem. at 11; Riviezzo Mem. at 16.  Nothing in his Opposition changes this reality.  The FAC should be dismissed with prejudice accordingly.  *See, e.g.*, *Iron Workers Loc. 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 595 (E.D. Va. 2006) (declining to permit further amendment "[i]n the Eastern District of Virginia . . . where [p]laintiffs have previously had two full opportunities to plead their claim[]").

## III.    CONCLUSION

For the foregoing reasons, and the reasons set forth in Brane-Strom and Mr. Riviezzo's respective opening briefs (ECF Nos. 24, 29), Defendants respectfully request that the Court issue an Order granting their respective Motions to Dismiss, dismissing Plaintiff's FAC with prejudice, and awarding such other relief as the Court deems just and proper.

Dated: February 3, 2026                    Respectfully submitted,


                                           */s/ Janea J. Hawkins*
                                           Alexander P. Berg (VSB No. 95557)
                                           aberg@littler.com
                                           Janea J. Hawkins (VSB No. 95202)
                                           jhawkins@littler.com

                                           LITTLER MENDELSON, P.C.
                                           1800 Tysons Blvd.
                                           Suite 500
                                           Tysons Corner, VA 22102
                                           Telephone: 703.286.3117
                                           Facsimile:  703.852.7080

                                           *Counsel for Defendants Charles D. Riviezzo
                                           and Brane-Strom, LLC*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of February 2026, a true and correct copy of the foregoing Consolidated Reply in Support of Defendants' Motions to Dismiss Plaintiff's First Amended Complaint was filed electronically using the Court's ECF/CMF system and thereby served upon the following:

> Kenichi Ninomiya
> 5646 Merry Oaks Road
> The Plains, Virginia 20198
> admin@kmit24.com
>
> *Plaintiff* pro se

> /s/ *Janea J. Hawkins*
> Janea J. Hawkins